MATTER OF J—

In VISA PETITION Proceedings

A–11841872
A–11841873
A–12001860

*Decided by Board April 24, 1961*

**Illegitimate child—British Guiana—Legitimation requires marriage of natural parents.**

Under the law of British Guiana, acknowledgment or recognition by the natural father of a child born out of wedlock does not result in legitimation. The marriage of the natural parents is the only means of legitimating such a child.

### BEFORE THE BOARD

**DISCUSSION:** The case comes forward on appeal from the order of the District Director, Boston District, dated December 12, 1960, denying the visa petitions on the ground that it has not been established that the beneficiaries qualify as a son, daughter or child of the petitioner for the purpose of according them quota preference or nonquota status.

The petitioner, a native of British Guiana, 46 years old, male, was admitted to the United States for permanent residence in 1952 and became a naturalized citizen on January 12, 1959. He married his wife, a native of Canada and a naturalized citizen of the United States, on December 17, 1949. The petitioner's wife is not the mother of the beneficiaries.

The petitioner has filed a petition to classify the status of the beneficiaries for preference quota or nonquota status as their parent. The male beneficiaries were born on June 9, 1939, and September 28, 1940, respectively, and the female beneficiary was born October 23, 1936. All were born in British Guiana. The documents submitted indicate that they were born out of wedlock, the surnames on the birth certificate being "McL—" and the mother being shown as I—McL—.

The record contains a sworn declaration executed at British Guiana on June 17, 1959, by the mother of the beneficiaries. This declaration states that she has been married but one time, on May

246

28, 1949, to a person who is not the father of the beneficiaries. However, she declares that she is the natural mother of the beneficiaries and that the petitioner is their natural father. The petitioner by affidavit dated October 3, 1960, likewise declares that the beneficiaries are his natural blood children, the issue of his relationship with I—McL—; that he has always recognized his responsibility as the legal father and has assumed such responsibility by providing for their support. In addition, there have been submitted two Deed Polls which show that the mother appeared on April 30, 1956, before a clerk and notary public of the Supreme Court of British Guiana and declared her wish that the two sons should thereafter assume and adopt the names of C—J— and H—J— and renounce the names of F—McL— under which their births were registered. This document does not mention the father and the function of these declarations, other than to legalize the change of names, is not known. There is no claim that this document constitutes a legal form of legitimation or adoption under the law of British Guiana. A private bill, H.R. 86–7303, introduced for the object of having the beneficiaries considered as the natural-born children of the petitioner for the purposes of section 101(a) (27) (A) of the Immigration and Nationality Act failed of passage.

It appears to be the contention of the petitioner that he is the "legal" father of the beneficiaries who are his "legal" children and thereby qualify for preference or quota status under the immigration laws. However, in order to qualify for the parent-child relationship, the parties must fall within one of the categories set forth in section 101(b) (1) and (2) of the Immigration and Nationality Act.

If the petitioner contends that by virtue of his acknowledgment or recognition of the beneficiaries as their natural father he has thereby effected their legitimation under the law of British Guiana, the law of British Guiana does not support his position. The Legitimacy Ordinance [1] sets forth in section 3 that where the parents of an illegitimate person marry or have married one another, whether before or after the commencement of the date of the Ordinance, the marriage, if the father of the illegitimate person was or is at the date of the marriage domiciled in British Guiana, renders that person, if he is or was living, legitimate from the date of marriage. Thus, by the law of British Guiana, marriage of the parents appears to be the only method of legitimation. While the recognition by the natural father of the illegitimate children may have conferred the rights to bear the father's name or given such illegitimate children some sort of status, it is apparent that the status so conferred did not amount to legitimation. There is no contention that the

---

[1] Chapter 165, Laws of British Guiana, May 14, 1932.

beneficiaries were legitimated under the law of the petitioner's domicile, to wit, the State of Massachusetts, inasmuch as it is our understanding that the law of Massachusetts likewise requires the marriage of the natural parents to effect legitimation.[2]

The facts of the case have also been considered to determine whether the beneficiaries qualify as adopted children under section 101(b)(1)(E) of the Immigration and Nationality Act. The Adoption of Children Ordinance[3] provides that adoptions in British Guiana are effected by order of the court having jurisdiction for such purpose and following preliminary arrangements by the duly constituted Adoption Board. No evidence has been submitted that such a court adoption ever occurred. Therefore, the beneficiaries cannot qualify as adopted children within the meaning of section 101(b)(1)(E) of the Immigration and Nationality Act.

It is, therefore, concluded that the visa petition filed by the citizen father on behalf of the beneficiaries must be denied because the beneficiaries never qualified as children, legitimated or adopted, of the petitioner for the purpose of making them eligible for quota preference or nonquota status under the provisions of sections 101(a)(27)(A) and 203(a)(2) of the Immigration and Nationality Act. It is unnecessary to consider whether the beneficiaries can be regarded as stepchildren of the petitioner's wife since no such petition has been filed by the wife.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[2] Chapter 190, section 7, Massachusetts General Laws.
[3] British Guiana Ordinance No. 12 of 1955.