MATTER OF GOUVEIA

In Visa Petition Proceedings

A-17869843

*Decided by Board August 7, 1970*

nder the law of Guyana, acknowledgment or recognition alone of an illegitimate child by the putative father does not result in legitimation of such child; legitimation of a child born out of wedlock requires the marriage of the natural parents.

N BEHALF OF PETITIONER    Norman D. Archer, Esquire
720 Franklin Avenue
Brooklyn, New York 11238

The petitioner appeals the decision of the District Director nying this petition filed to accord the beneficiary immediate relve status as the child of a United States citizen. The District rector concluded that the petitioner failed to establish that he rried the beneficiary's mother or otherwise legitimated the eficiary in accordance with the provisions of section (b) (1) (C). We concur with that determination.

The petitioner, a native of British Guiana, asserts that the beniary, a native and citizen of Guyana was born on September 9, 0 in Georgetown, Guyana. The petitioner concedes he never ried the beneficiary's mother. In the beneficiary's birth certife presented in support of this petition, the petitioner is regisd as the beneficiary's father.

he petitioner contends on appeal that, under the laws and ial Executive Regulations of Guyana, a child once given the er's name and taken care of by the father is considered a imate child. We disagree.

ction 3(1) of the Legitimacy Ordinance of British Guiana,[1] ides in pertinent part:

---

olume IV, The Laws of British Guiana, Chapter 165 (May 14, 1932).
r the Guyana Independence Act of 1966, all laws in force as part of w of British Guiana shall continue to have effect as part of the law of na.

Subject to the provisions of this section where the parents of an illegitimate person marry or have married one another, whether before or after the commencement of this Ordinance, the marriage did or shall, if the father of the illegitimate person was or is at the date of the marriage domiciled in British Guiana, render that person, if he is or was living, legitimate from the date of marriage.

We have reviewed the Registration of Births and Deaths Ordinance [2] and find no section providing for the legitimation of a child by the mere registration of the father's name. Section 31 of that ordinance relating to the entry of the name of the person as father of the illegitimate child provides;

No registrar who receives information of the birth of an illegitimate child shall enter in the register of births the name of anyone as the father of that child except at the joint request of the mother, and of the person who acknowledges himself to be the father, and the person shall in that case sign the register together with the mother.

The above, while dealing with the acknowledgment of a child by the putative father, does not confer legitimate status of a child born out of wedlock. The mere fact that the petitioner's name appears on the beneficiary's birth certificate is not legitimation. We conclude that, under the laws of Guyana, the legitimation of the beneficiary required the marriage of the petitioner and the beneficiary's mother, *Matter of J—*, 9 I. & N. Dec. 246 (1961). We therefore affirm the District Director's order.

**ORDER:** The appeal is dismissed.

---

[1] Registration of Births and Deaths Ordinance of October 1, 1968, IV Laws of British Guiana, C. 162, Section 31.